THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT A. BAVIRSHA, Defendant-Appellant.

First District (1st Division)    No. 76-1193

Opinion filed July 18, 1977.

Frederick F. Cohn, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Larry L. Thompson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant, Robert Bavirsha, was convicted at a bench trial of the offense of contributing to the sexual delinquency of a minor; he was sentenced by the circuit court of Cook County to a one year probation, with the first 60 days to be spent in confinement in the County Jail. On appeal, defendant argues that he was not proved guilty beyond a reasonable doubt, and in the alternative, that his sentence is excessive.

We affirm as modified.

The record discloses the following pertinent facts. The complaining witness, a 16-year-old girl, testified that on the evening of June 4, 1976, as she was riding her bicycle through a wooded area, she was approached by a man who forced her to perform a deviate sexual act under an implied threat of death and the man also fondled her. She returned home

and did not say anything to her sisters, but she did tell her mother. She and her mother went promptly to the police station, where she drew from memory a pencil sketch of the attacker. The drawing bore an exceptionally striking resemblance to defendant. Defendant and his wife testified, presenting an alibi defense. He was employed as a caretaker of a camp located near the wooded area where the attack purportedly took place. At the conclusion of the hearing, the trial court found that the complaining witness was most credible, and found defendant guilty of the offense charged.

On appeal, defendant argues that he was not proved guilty beyond a reasonable doubt. The applicable rule in such cases is that a reviewing court is charged with a special duty to exercise utmost caution and circumspection in scrutinizing the sum and substance of the evidence upon which a conviction for a sex offense is predicated. This rule is subject, however, to the rule that the trial court is generally in a superior position to judge the credibility of the witnesses and to weigh their testimony, and a reviewing court will not disturb a trial court's judgment in this regard unless the evidence, on the whole, is so unsatisfactory or insufficient as to raise reasonable doubt of defendant's guilt. *People v. Pointer* (1972), 6 Ill. App. 3d 113, 285 N.E.2d 171.

■■ Applying the law to the facts, we find that the complainant's testimony, if believed, was clear, unwavering, credible, and sufficient to support the conviction. The trial court found her testimony credible, and we cannot say that this determination was erroneous. We conclude that the record before us is sufficient to establish defendant's guilt beyond a reasonable doubt.

■■ Defendant's alternative argument is that the portion of the sentence ordering his incarceration for 60 days is excessive and contrary to accepted standards. It is argued that in light of defendant's good work record, position of trust, and lack of any prior criminal record, any incarceration imposed should have been part of a work-release program. The prosecution argues that the evidence proves that defendant was guilty of a heinous crime. Having reviewed all the circumstances of this case, in the exercise of this court's discretion pursuant to Supreme Court Rule 615(b)(4), defendant's sentence is reduced from a term of 60 days in the County Jail and one year probation, to a term of five days in the County Jail and one year probation.

For the abovemententioned reasons, the defendant's conviction for the offense of contributing to the sexual delinquency of a minor is affirmed as modified.

Judgment affirmed as modified.

GOLDBERG, P. J., and O'CONNOR, J., concur.